Curia, per Evans, J.
The question to be decided is, whether by law the clerk is required to make an index to the common pleas and sessions journals of the Court. This must depend on the construction of the Act of 1839, as we have no other law on the subject. The 8th section of that Act enumerates the various books which are to be kept by the clerk : 1. Common Pleas Journal; 2. Sessions Journal; 3. Rules ; 4. Dockets ; 5. Abstract of Judgments ; 6. Abstract of Decrees ; 7. Sessions Index by names of defendants ; 8. Pleading and Judgment; 9. Confessions of Judgment; 10. Fines and Forfeitures ; 11. Magistrates and Constables ; 12. Appearances ; 13. Estrays ; 14. Miscellaneous Index. Of these the following are required to have Indexes, viz : 1. The Abstracts of Judgments ; 2. The Abstract of Decrees ; 3. Pleading and Judgments ; 4. Confessions of Judgments ; 5. Magistrates and Constables. The clauses in relation to the Sessions and Common Pleas Journals, direct with great minuteness every thing which is to be entered in the journals, but is silent as to indexes ; whilst other books are required to be indexed.
It might be sufficient to say, that the omission to require an index to one book, whilst in relation to others there is an express requisition, is significant of legislative intention to dispense with indexes to those books for which no index is required by the Act. But it is supposed that the concluding part of the clause requires a different construction. That describes the size of the several books to be used, and concludes, “ the indexes to the preceding volumes of the size denominated long demi.” This is- supposed to mean, that there shall be indexes to all the preceding enumerated volumes, of the size prescribed by the clause. But this is not the obvious meaning of the clause. The more rational interpretation is, the indexes to the preceding volumes which are required to be indexed ; and this construction is rendered conclusive, from the fact, that two of the preceding volumes, the sessions index, and the miscellaneous index, are themselves but indexes, and it would be quite absurd to suppose the legislature intended an index to be made of an index.
We think the Circuit decision was right, and the motion to reverse it is dismissed.
Wardlaw, Frost and Withers, JJ., concurred.
Motion refused.